UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Abdul Karim Ajamu,

    Petitioner,

    v.                                      Case No. 1:11cv403

State of Ohio, *et al.*,                Judge Michael R. Barrett

    Respondents.

### ORDER

This matter is before the Court on the August 1, 2011 Magistrate Judge's Report and Recommendation ("R&R") recommending that Petitioner's case be dismissed. (Doc. 6). Petitioner filed timely objections to the R&R. (Doc. 9).

### I.    BACKGROUND

Petitioner Abdul Karim Ajamu was convicted of multiple counts of felonious assault, and sentenced to eight years in prison. (Doc. 1, at 5). On June 20, 2011, Petitioner filed a *pro se* complaint challenging the constitutionality of his conviction. (Id.) Petitioner argues that the state presented evidence that should have been excluded, and excluded evidence that would have benefitted Petitioner. (Id.) Upon review of Petitioner's complaint, the Magistrate Judge construed the complaint as a habeas petition and ordered Petitioner to complete a habeas corpus petition, as opposed to the standard *pro se* complaint form originally filed by Petitioner. (Doc. 3, at 1). Petitioner was advised in the Magistrate Judge's Order that the failure to comply would result in dismissal of his case for want of prosecution. (Id. at 2). After Petitioner failed to respond to the Order within thirty days, the

Magistrate Judge recommended that Petitioner's complaint be dismissed for want of prosecution. (Doc. 6, at 2). On August 12, 2011, Petitioner filed objections to the R&R, contending that as a *pro se* litigant he should be held to a less stringent standard than that of practicing attorneys, and under that standard, his factual allegations were sufficient. (Doc. 9, at 2). Petitioner argues that he should not be penalized for "failure to comply with procedures that he does not understand." (Id. at 3). In the alternative, Petitioner requests an extension if the merits of his claims will not be considered based on his complaint as stands now. (Id. at 1).

II.     **ANALYSIS**

Petitioner cites a number of cases which stand for the proposition that a *pro se* complaint must be liberally construed. *See Williams v. Kullman*, 722 F.2d 1048, 1050 (2nd Cir. 1983), *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976), *Erickson v. Pardus*, 551 U.S. 89 (2007), *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), and *Kilgo v. Ricks*, 983 F.2d 189 (11th Cir. 1993). However, in those cases the focus was on the merits of the various claims put forth by the petitioner, as opposed to this case, where the focus is on a procedural issue and responding within time limits. Courts have held that less latitude is given to *pro se* litigants in following procedural rules and court orders that are plain on their face. As the Sixth Circuit has explained:

> Although "allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief can be granted," *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), federal courts "have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21

(1993).

*Branham v. Micro Computer Analysts*, 350 Fed.Appx. 35, 38 (6th Cir. 2009).

In the present case, the Magistrate Judge ordered Petitioner to complete and file a habeas corpus petition within thirty days. Petitioner was advised that the failure to do so would result in dismissal. The Magistrate Judge's Order set forth a "readily comprehended court deadline[ ] of which [Petitioner] was well-aware," yet to which he failed to adhere. *Jourdan*, 951 F.2d at 110. Therefore, the Court concludes that Petitioner's failure to respond is not justified, and dismissal is warranted.

Moreover, as the Magistrate Judge noted, Petitioner has already filed the same claims made in this case in a separate action in this Court. *See Ajamu v. Warden Chilicothe Correctional Institution*, No. 1:11cv474. Petitioner properly filed these claims as part of a habeas petition.

Accordingly, the Court finds that Petitioner's request for an extension is moot.

## III.  CONCLUSION

Based on the foregoing, the August 1, 2011 Magistrate Judge's R&R recommending that Petitioner's case be dismissed (Doc. 6) is hereby **ADOPTED**. This matter shall be closed and terminated from the docket of this Court.

**IT IS SO ORDERED.**

                                           */s/ Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court